UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

VICTOR NAVARRO,

                Petitioner,

    -against-                                            08 Civ. 303 (LAK)

SUPERINTENDENT,

                Respondent.
------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/11/08

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Petitioner was convicted after a jury trial of two counts of murder in the second degree. The judgment was affirmed by the Appellate Division, and the New York Court of Appeals denied leave to appeal. *People v. Navarro*, 135 A.D.2d 1151, 523 N.Y.S.2d 331 (1st Dep't 1987), *leave to appeal denied*, 71 N.Y.2d 900, 527 N.Y.S.2d 1009 (1988). Petitioner's judgment of conviction became final on June 9, 1989, "on the expiration of his [90-day period of] time to petition for certiorari to the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).

        A prisoner whose conviction became final prior to the effective date of the AEDPA had until one year after its effective date – viz. until April 24, 1997 – to file a first *habeas* petition under Section 2254. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year period. 28 U.S.C. § 2244(d)(2); *see Bennet v. Artuz*, 199 F.3d 116, 118-19 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2002). Because petitioner's conviction became final prior to the AEDPA's effective date, he had until April 24, 1997 to file his petition in a timely manner, plus any time during which the running of the statute was tolled.

        Petitioner filed this petition on September 27, 2007, more than ten years after the deadline for seeking *habeas* review of judgments that became final prior the AEDPA's effective date. On January 14, 2008, the Court ordered the petitioner "to show cause by affirmation why the statute of limitations should not bar the instant petition . . . ." Order [DI 2], at 3. Thus, petitioner was given notice and an opportunity to be heard as to why his petition is not time barred. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

2

Petitioner alleges that on September 14, 1995, he filed a petition for a writ of error *coram nobis* in New York Supreme Court, Appellate Division, First Department, which denied the petition on August 1, 1996. Petition at ¶ 12(b); *People v. Navarro*, 230 A.D.2d 961, 646 N.Y.S.2d 754 (1st Dep't 1996). He alleges also that he appealed the denial of his error *coram nobis* petition. Petition at ¶ 12(d). While petitioner's error *coram nobis* application may have tolled the statute of limitations for several months while it was pending before the Appellate Division, the alleged appeal of its denial did not toll the statute of limitations. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir. 2001) (quoting *Geraci v. Senkowski*, 211 F.3d 6 (2d Cir. 2000)) ("[P]etitioner's motion [for a writ of error *coram nobis*] ceased to be pending on the date on which the Appellate Division denied it, because, as of that date, '... further appellate review was unavailable.'"). Even subtracting the time during which petitioner's error *coram nobis* application was pending, the statute expired long ago.

Petitioner has submitted an affirmation arguing that the statute of limitations should be equitably tolled because "[his] court documents were lost during different transfers to differnt [*sic*] Facilities" and "[he is] an individual that has learning disabilities and is not familiar with the english [*sic*] language . . . ." Affirmation [DI 3], at 1. These assertions are insufficient to demonstrate that (1) "extraordinary circumstances prevented him from filing his petition on time," and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). Conclusory assertions such as those offered by petitioner are insufficient to justify equitable tolling. *See, e.g., Mendez v. Artuz*, No. 99 Civ. 2472 (DLC), 2000 WL 991336, at *2-3 (S.D.N.Y. July 18, 2000). Even if petitioner's conclusory assertions were sufficient to explain a short delay, petitioner delayed for years.

Accordingly, the petition is denied as time-barred and the proceeding is dismissed. As no substantial question is presented, a certificate of appealability is denied, and the Court certifies that any appeal would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:   April 11, 2008

*[signature]*

Lewis A. Kaplan
United States District Judge

Copies mailed 4/11/08
Chambers of Judge Kaplan
    43D